UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**WAYNE BARNES,**

                            **Plaintiff,**

                   **-v-**                                          **9:04-CV-1269**

**LT. CRAFT; SGT. J. O'KEEFE; C.O. C. HODGES;
and G. GOORD, Commissioner of the New York
State Department of Correctional Services,**

                            **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:
WAYNE BARNES
Plaintiff, *Pro Se*

HON. ANDREW M. CUOMO, Attorney General of the State of New York
MICHAEL G. McCARTIN, ESQ, Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### BACKGROUND

      Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), brought this action under 42 U.S.C. § 1983. In his amended complaint, (Dkt. No. 9), he alleges that defendants violated his First Amendment rights by confining him to the Special Housing Unit ("S.H.U.") at Ulster Correctional Facility between March 12 and 17, 2004, based on his refusal to shave his full beard for religious reasons. He alleges that, at the time, he had a "permit" from DOCS allowing him to maintain the beard for religious reasons.

      Defendants moved (Dkt. No. 19) to dismiss the amended complaint for failure to state a

claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge George H. Lowe issued a Report and Recommendation (Dkt. No. 24) recommending that the motion be granted in part and denied in part.

Plaintiff has submitted a sworn 52-page objection (Dkt. No. 30), disputing virtually the entire Report and Recommendation. Defendants have submitted no objection. In view of the matters raised in plaintiff's objection, pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts a *de novo* review of all of Magistrate Judge Lowe's recommendations.

## DISCUSSION

Defendants' Rule 12(b)(6) motion was based on two grounds: (1) the claims against defendant Goord, DOCS Commissioner, should be dismissed on the ground of lack of personal involvement; and (2) the amended complaint should be dismissed on the ground of failure to exhaust administrative remedies.

In his thorough Report and Recommendation, Magistrate Judge Lowe recommends granting dismissal of the claims against defendant Goord on the ground of lack of personal involvement, and denying dismissal of the amended complaint on the ground of failure to exhaust. He also notes that, liberally pleaded, the amended complaint may be read to allege Eighth and Fourteenth Amendment violations. On examining such claims, Magistrate Judge Lowe concludes that they are not supported by plaintiff's factual allegations.

First, the Court considers the recommendation that all claims against defendant Goord be dismissed on the ground of lack of personal involvement. In his lengthy objection to the Report and Recommendation, plaintiff elaborates on his allegation that his constitutional deprivation

stemmed from Goord's policy that inmates in transit cannot carry with them their personal documentation, including a permit allowing the wearing of a full beard for religious reasons. Because plaintiff is proceeding *pro se*, the Court considers the facts and allegations contained in his objection in addition to those in the amended complaint. *See, e.g., Boguslavsky v. Kaplan*, 159 F.3d 715, 719 (2d Cir. 1998). Based on all of plaintiff's submissions, and construing them liberally, the Court finds them sufficient to make out a claim that "the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom[.]" *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995). Thus, it does not appear "beyond doubt that the plaintiff can prove no set of facts in support of his claims [against Goord] that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Likewise, the Court finds that, taking into account the additional allegations in plaintiff's objection, dismissal of any Eighth or Fourteenth amendment claim is not warranted.

The Court agrees with Magistrate Judge Lowe's recommendation that dismissal of plaintiff's claim on the ground of failure to exhaust his administrative remedies be denied.

**CONCLUSION**

It is therefore

ORDERED that the Report and Recommendation (Dkt. No. 24) of United States Magistrate Judge George H. Lowe is adopted in part and rejected in part; and it is further

ORDERED that defendants' motion (Dkt. No. 19) is denied.

IT IS SO ORDERED.
March 30, 2007
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge